# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

JESSE LEE ARNOLD,            :

   Petitioner,              :

vs.                          : CIVIL ACTION NO. 09-0763-WS-C

UNITED STATES OF             : CRIMINAL ACTION NO. 09-0002-WS
AMERICA,
                                           :

   Respondent.

## REPORT AND RECOMMENDATION

Petitioner, Jesse Lee Arnold, a federal prison inmate proceeding *pro se*, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 10). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Following consideration of all relevant pleadings in this case, and in *United States v. Arnold,* CR-08-00250-WS, it is recommended that Arnold's § 2255 motion be denied and that it be found he is not entitled to a certificate of appealability.

## FINDINGS OF FACT

    1.    In May, 2008, Arnold was charged in a one-count indictment,

issued by the United States Grand Jury in the Eastern District of Texas, with bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. 1) Thereafter, in July, 2008, Arnold was charged in a one-count indictment, issued by the United States Grand Jury in the Southern District of Alabama, with attempting to escape from the Conecuh County Jail in Evergreen, Alabama, in violation of 18 U.S.C. § 751(a). *See United States of America v. Jesse Lee Arnold*, CRIMINAL NO. 08-00250-WS, Doc. 1.[1]

    2.    In January of 2009, Arnold consented to the transfer of his bank robbery case to this Court for entry of a guilty plea and sentencing. (Doc. 1 (consent to transfer of case for plea and sentence)) Because James Scroggins, Esquire, was already representing Arnold on his attempted escape charge, upon transfer of the robbery case, he began his official representation of petitioner on that case as well.

    3.    On January 28, 2009, petitioner entered counseled guilty pleas to both the bank robbery charge and the attempted escape charge. (Doc. 2)

    4.    The Presentence Investigation Report was initially prepared by the Probation Office on March 20, 2009, revised on April 16, 2009, and filed as a sealed document on April 17, 2009. (*See* Doc. 6) Prior to the revision and

---

[1] James M. Scroggins, Esquire, was appointed to represent Arnold with respect to his attempted escape charge on August 14, 2008. *Id.*, Doc. 9.

filing of same, the defendant interposed the following objections to the Presentence Report on April 8, 2009:

> § 3E1.1.     Acceptance of Responsibility
>
> (a)   If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by **2** levels.
>
> (b)   If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by **1** additional level.
>
> The U.S. Probation Office chooses to refuse the § 3E1.1(a) decrease following a post plea incident at the Monroe County Detention Facility. Mr. Arnold does not deny that the incident with detention officers occurred and that he responded inappropriately to the officer's instructions. However, this isolated conduct while in custody is not specifically addressed in § 3E1.1 or the Application Notes of the Commentary.

> Mr. Arnold, in a letter to Probation clearly expressed his acceptance of responsibility which is quote[d] in part:
>
>> I know that it was wrong for me to rob the bank in Texas and try to escape from jail. I have pled guilty to these offenses because I am guilty and want to get my troubles behind me. I am very sorry that I robbed the bank in Texas and tried to escape here in Alabama. . . . Both of these offenses were my fault, and I am very sorry that I got involved.
>
> Therefore, Mr. Arnold should receive the benefit of his early acceptance of responsibility in both cases. The offense level computation should be amended as follows:
>
> | | | |
> |---|---|---|
> | 25. | Adjusted Offense Level | 24 |
> | 26. | Adjustment for Acceptance of Responsibility § 3E1.1(a) | -2 |
> | | Adjustment for Acceptance of Responsibility § 3E1.1(b) | -1 |
> | 27. | Adjusted Offense Level | 21 |
>
> Mr. Arnold's suggested Total Offense Level of 21 calculated at Criminal History IV would allow a sentencing range of 57-71 months. Pursuant to local rule, counsel has communicated with both the Assistant U.S. Attorney and the U.S. Probation Officer regarding the above issues in an effort to resolve the issue in dispute. Counsel submits that argument on the issue would not appreciably extend the time presently allocated for the sentencing hearing.

(Doc. 3, at 1-2)

    5.    Arnold was sentenced on April 24, 2009 to an eighty-four (84) month term of imprisonment for bank robbery and a concurrent sixty (60)

month term of imprisonment for attempted escape; both of these sentences were made to run consecutive to his sentence in CR-05-00241. (*See* Doc. 8, JUDGMENT IN A CRIMINAL CASE) That same date, Arnold filed written notice of non-appeal. (Doc. 7) On this pleading, the following language precedes Arnold's signature: "I have been advised by the Court, and by my attorney, of my right to appeal my conviction and sentence. I have consulted with my attorney, who has explained the advantages and disadvantages of taking an appeal. I have had sufficient time to consider my options, and require no further explanation. After consideration, it is my desire to inform the Court that I do not wish to take an appeal." (*Id.*) In addition, preceding the signature of Arnold's attorney is the following language: "I affirm that, as counsel for the Defendant, I have fully advised my client of the advantages and disadvantages of an appeal, given the facts and circumstances of this case, its procedural history, and the sentence imposed. I have had sufficient time to consult with my client to determine whether my client's decision is knowing and voluntary. It is my opinion that my client's decision to take no appeal is both knowing and voluntary." (*Id.*)

  6. On November 18, 2009, Arnold filed the present collateral attack on his bank robbery conviction and sentence pursuant to 28 U.S.C. § 2255.

(Doc. 10; *see id.* at 5 (noting his concurrent escape sentence but asserting no challenge to same)) Therein, petitioner contends that he was denied the effective assistance of counsel. (*See id.* at 4) Arnold alleges the following instances of ineffective assistance of counsel: (1) his attorney failed to get discovery materials; (2) his attorney failed to explore possible defenses; (3) his attorney failed to speak to him about the case; (4) his attorney failed to "interview prosecution witnesses, interview defense witnesses, prepare for trial in any way or even see the indictment before he advised defendant to plea[d] guilty"; and (5) his attorney failed to assist him in any way at sentencing. (*Id.*)

      7.     The undersigned initially entered a scheduling order which included a request for the government to file copies of the transcripts of Arnold's guilty plea and sentencing proceedings. (*See* Doc. 12) The United States filed its response to the § 2255 motion on November 20, 2009 and therein requested that the Court reconsider its scheduling order in light of the conclusory nature of petitioner's ineffective assistance of counsel claims. (*See* Doc. 13) By order dated December 1, 2009, the undersigned withdrew the requirement that the United States file Arnold's guilty plea and sentencing transcripts and simply ordered petitioner to file his reply to the government's response on or before January 4, 2010. (Doc. 14) To date, petitioner has not

filed any reply to the government's opposition. (*See* Docket Sheet)

## CONCLUSIONS OF LAW

1.  28 U.S.C. § 2255 reads, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

2.  In this instance, Arnold contends that constitutionally ineffective assistance of counsel entitles him to the relief afforded by 28 U.S.C. § 2255.[2] In order to establish a claim of ineffective assistance of counsel, a petitioner is required to show (1) that his attorney's representation fell below "an

---

[2] Once a criminal defendant enters a guilty plea, he waives all non-jurisdictional challenges to the conviction's constitutionality and only an attack on the voluntary and knowing nature of the plea can be raised. *See McMann v. Richardson*, 397 U.S. 759, 772, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). Stated differently, "a voluntary and intelligent plea made by an accused person, who has been advised by **competent counsel**, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-2547, 81 L.Ed.2d 437 (1984) (emphasis supplied). Therefore, when a § 2255 motion is filed collaterally challenging convictions obtained pursuant to guilty pleas, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989).

objective standard of reasonableness" and (2) that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001), *cert. denied sub nom. Johnson v. Nagle*, 535 U.S. 926, 122 S.Ct. 1295, 152 L.Ed.2d 208 (2002).[3] The *Strickland v. Washington* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

> To succeed on such a claim, "the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).[4] In addition, the defendant must establish that "counsel's constitutionally

---

[3] It is proper in considering claims made by a federal prisoner under § 2255 to look for guidance from cases discussing claims raised by state prisoners under 28 U.S.C. § 2254. *See Hagins v. United States,* 267 F.3d 1202, 1205 (11th Cir. 2001) (citing *Holladay v. Haley*, 209 F.3d 1243 (11th Cir. 2000)), *cert. denied*, 537 U.S. 1022, 123 S.Ct. 545, 154 L.Ed.2d 432 (2002).

[4] "When analyzing ineffective-assistance claims, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (citations omitted).

> ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370. In other words, . . . [a petitioner] "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded [not] guilty and would . . . have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370.

*Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (footnote, brackets and ellipses added), *cert. denied sub nom. Coulter v. Jones*, 516 U.S. 1122, 116 S.Ct. 934, 133 L.Ed.2d 860 (1996).[5] Of course, in the context of sentencing following entry of a guilty plea the court simply considers whether petitioner has established, in accordance with *Strickland, supra*, that his attorney was deficient and that he was prejudiced by this deficiency in performance. *See, e.g., Myers v. United States,* 2009 WL 1505638, *1 (W.D. Pa. 2009) ("In order for petitioner to succeed on an ineffective assistance of counsel claim, he must prove: (1) that his counsel was deficient; and (2) that he was prejudiced by his counsel's deficiency.").

    3.    When applying the *Strickland* standard, it is clear that courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998) (citation omitted), *cert. denied sub nom. Oates v. Moore*, 527 U.S. 1008, 119 S.Ct. 2347, 144 L.Ed.2d

---

[5] "'[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" *Johnson, supra,* 256 F.3d at 1176 (citation omitted).

243 (1999); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[O]nce a court decides that one of the requisite showings has not been made it need not decide whether the other one has been.").

    4.    The undersigned agrees with the government that petitioner has failed to allege, much less establish, that he was in any manner prejudiced by counsel's numerous alleged deficiencies of performance.[6] More specifically, Arnold has neither alleged or established that he would have pleaded not guilty and would have insisted on going to trial had counsel (1) procured discovery materials, (2) explored possible defenses, (3) spoken to him about the case, (4) interviewed prosecution and defense witnesses, (5) reviewed the indictment, and/or (6) prepared for trial.[7] It is apparent to the undersigned that while Scroggins perhaps did not invest much preparation time with respect to Arnold's robbery charge out of Texas,[8] this failure was not on account of any

---

[6] Arnold is not entitled to an evidentiary hearing in this case in light of his wholly conclusory allegations. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) ("A petitioner is *not* entitled to an evidentiary hearing . . . 'when his claims are merely "conclusory allegations unsupported by specifics" or "contentions that in the face of the record are wholly incredible."'"), *cert. denied sub nom. Tejada v. Singletary*, 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992).

[7] In addition, petitioner identifies nothing specifically that his attorney did wrong at his sentencing nor has he established that his sentence would have been different had Scroggins represented him in some other unidentified manner during sentencing.

[8] That Scroggins was well aware of the robbery charge against Arnold in Texas cannot be gainsaid. *See United States v. Arnold*, 08-00250-WS, Doc. 12 (motion to continue filed

10

deficiency of performance but rather because the government had overwhelming evidence to obtain petitioner's convictions of both the robbery charge[9] and the attempted escape charge arising in this District. In other words, it is clear that Arnold and his attorneys, both on the Texas charge of bank robbery (Gary R. Bonneaux, Esquire) and the Alabama charge of attempted escape (Scroggins), perceived that the premium strategy was for him to accept responsibility and enter guilty pleas to both charges, particularly given his

---

by Scroggins based upon the fact that his client was also facing charges in the Eastern District of Texas and the parties had agreed that it was "in the interest of justice and judicial economy for all pending cases to be handled pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and that this case be transferred for disposition [to] the Eastern District of Texas or vice versa").

Arnold's assertion that Scroggins was not "appointed to this case [i.e., his robbery case] until 19 days AFTER" he was sentenced is belied by the record. While it is true that Scroggins was added to the docket sheet as petitioner's attorney on May 13, 2009 (*see* Docket Sheet Entry for May 13, 2009 ("Attorney update in case as to Jesse Lee Arnold. Attorney James Scroggins for Jesse Lee Arnold added.")), petitioner's assertion that this docket sheet entry establishes that Scroggins was not appointed to his robbery case until that date ignores the clear facts that Scroggins was representing petitioner on his attempted escape charge as of August 5, 2008 and, further, that Scroggins became petitioner's attorney-in-fact on the robbery charge the moment that Texas robbery charge was transferred to the Southern District of Alabama. The action of the Clerk's Office in adding Scroggins to the docket sheet in this case on May 13, 2009 is of no moment and certainly cannot be regarded as establishing that Scroggins was not petitioner's attorney on the robbery charge prior to that date. Such an argument is nonsensical based upon the procedural history of both of petitioner's cases.

[9]     The pre-sentence report reflects not only that Texas authorities had preliminarily identified Arnold as the individual who robbed the Beaumont Community Credit Union on April 14, 2008, based on security video recordings, but, as well, had confirmation of that preliminary identification from the credit union employee who received the note demanding money, based on a photographic "line-up", that Arnold was the individual who intimidated her into giving him $5,106 in United States currency. (*See* Doc. 6, at 4)

11

previous bank robbery conviction in the Southern District of Alabama. The only question for the parties was whether Arnold's pleas of guilty would be entered in the Eastern District of Texas or the Southern District of Alabama. *See United States v. Arnold*, 08-00250-WS, Doc. 11 ("At the final pretrial conference held this date [September 8, 2008], counsel informed the Court that, in addition to this action in the Southern District of Alabama, Defendant is also facing charges of bank robbery in the Eastern District of Texas. Defendant intends to plead guilty in both actions and counsel are in the process of determining whether Defendant will enter his plea in this District or in the Eastern District of Texas."). Based upon the foregoing, it is clear not only that petitioner has not alleged or established that but for counsel's alleged deficiencies he would have pleaded not guilty and would have insisted on going to trial (*see* Doc. 6, at 6 ("On February 9, 2009, the defendant submitted a written letter, which stated, 'My lawyer has informed me that you need a letter from me concerning my thoughts on what I did in Texas and at the jail in Evergreen. I know that it was wrong for me to rob the bank in Texas and try to escape from jail. I have pled guilty to these offenses ***because I am guilty and want to get my troubles behind me***. I am very sorry that I robbed the bank in Texas and tried to escape here in Alabama. I know I will not do anything

like this again. I have been in jail too long already and once I get out, I never want to go back again. Both of these offenses were my fault, and I am very sorry that I got involved.'") (emphasis supplied))[10] but, as well, has not established that Scroggins was constitutionally deficient in his representation of him.

     5.    In consideration of the foregoing, the Magistrate Judge recommends that the Court deny Arnold's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

     6.    Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only

---

[10] Petitioner clearly made an astute move in pleading guilty to both charges and receiving concurrent sentences, even though his 84-month (i.e., 7 year) sentence on the robbery charge will not begin to run until after his completion of his 2-year sentence in CR 05-0241-WS, because he was facing a 20-year statutory maximum sentence on his robbery charge alone. *See* 18 U.S.C. § 2113(a) ("Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.").

where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on the merits of an underlying constitutional claim, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]"*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also id.* at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'"); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement

to proceed further."'"). The undersigned recommends that the Court find that reasonable jurists could not debate whether Arnold's § 2255 motion to vacate should be resolved in a different manner or that the Sixth Amendment issue(s) presented are adequate to deserve encouragement to proceed further. Accordingly, petitioner is not entitled to a certificate of appealability.

## **CONCLUSION**

The Magistrate Judge is of the opinion that petitioner's rights were not violated in this cause and that his request to vacate, set aside or correct his sentence should be **DENIED**. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 11th day of January, 2010.

       s/WILLIAM E. CASSADY  
    **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection.*  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[11] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded).*  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[11]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).